We will start with Lopez v. Thank You & Good Luck Corporation 172497. Good morning your honors and may it please the court. My name is Michael Taubenfeld, attorney for the petitioners, and I'd like to reserve two minutes for rebuttal. The district court erred by sua sponte deeming petitioners FOSA claims waived and dismissing their New York labor law claims without providing any notice or opportunity to the petitioner. How were these not waived? Let's start with that. So there's waiver and then there's the dismissal without notice. Let's start with the waiver issue. So our view is that there's no there was no rule under which Judge Forrest was able to deem these claims waived. We never expressly asked that these claims be dismissed or waived. There was no rule. When you say in any context of any litigation at any point, I am NOT going to pursue an argument. I am NOT going to object to this piece of evidence. I am NOT going to pursue a claim. I don't know that there is a specific rule of waiver in connection with any of those things, but we based on our own precedent would deem that waived. So in terms of evidence or maybe a motion, there's usually there's the district court has some authority, internal authority, as district court to decide what evidence, for example, could be admitted at trial. When it comes to dismissing a claim, our position is, usually happens, is that there's usually either a motion made or motion not responded to. So the plaintiff, so for example, in the removal context, a plaintiff would make a Rule 15 motion to amend the complaint to remove the federal claim and the district judge would then decide whether that motion should be granted. Were you going to . . . But here you, this ruling by the judge came after the submissions of your pre-trial order. Is that right? That's correct, Your Honor. And so the pre-trial order, I haven't seen a specific rules, but what they do is have you list what claims you're pursuing, what issues you're going to try. And so when she sees state law claims and no mention of pursuit of the FLSA claims, why isn't that, in effect, a signal indication to her that you're not going to . . . you're not interested in trying them? You don't intend to try them. We think there's really two responses to that. Number one, our position is that the court certainly can enter a pre-trial order after the pre-trial conference. And there's certainly case law that says that when the court does that, it supersedes the pleadings. And that would, we acknowledge, that would eliminate our FLSA claim. But that didn't occur here. We never had the pre-trial conference. We never really had the opportunity to explain our thought process. And our thought process was we wanted to proceed with the because there was . . . we felt that there would be jury confusion if we had two different standards. We'd have the standards for joint employer, which we were arguing because there are multiple defendants in this case. And then under the FLSA, if we were going to pursue the FLSA claim, we would have had to establish an enterprise theory, which is that all these different defendants were really a joint enterprise. More complicated. It's more complicated with no benefit to anyone. So you weren't going to try it? So you decided not to try it? We decided . . . our goal, of course, Your Honor, was to have the trial at that point. What we intended to do is to explain to Judge Forrest at the conference that we wanted to go forward with the New York labor law claims. But if the court was going to ultimately dismiss the New York labor law claims, if we did not proceed with the FLSA claims, we would have asked her for permission to amend our pre-trial submissions. And there's certainly nothing in the case law that would allow us to do that. We were just never given the opportunity. So this gets to the notice issue? Right. We think ultimately what we're looking for here is just a chance to explain ourselves. That's really what it comes down to. We acknowledge that after it's all said and done, Judge Forrest could reach the same decision. How many plaintiffs are you representing? Three, Your Honor. Pardon me? Three. And they were basically . . . tell me a little bit about them.  Doing what kind of work? They were laundromat workers, basically. Folding clothes, washing and drying, things like that. Minimum wage jobs? Yeah. Well, our position is . . . the defendants disagree, but our position is that two of them were not paid the minimum wage. One of them was. But basically, around that number. And these are overtime claims or what else? And there are overtime claims as well, yes. Our view is that the plaintiffs were not paid time and a half. They were paid for every hour they worked, but they were paid at a straight time rate. And your estimation of . . . let's say if you got a verdict at trial, the amount would be what? What calculation? We were asking the jury to decide on whether the plaintiffs were entitled to around $13,500. The district judge had already granted . . . This is for the thirty people? For the three people, I'm sorry, Your Honor. Three. Three plaintiffs. Three, okay. But there were other . . . Judge Forrest had issued decisions earlier in the case. She'd granted partial summary judgment on . . . To you? To us, on liquidated damages, so that number would automatically be doubled. And then there's a claim under New York Labor Law 195, which our position is that the plaintiffs should all be entitled to another $10,000 each. Have we ever, to your knowledge, reversed a decision of a district court dismissing for lack of subject matter jurisdiction, I believe, pendant jurisdiction because of a failure to provide notice or an opportunity to be heard before the dismissal? So, yes, in Perez v. Ortiz, the court dismissed the state law claims, and the courts . . . this court reversed that, saying that the dismissal was at best premature. And this court has routinely pointed out that notice and opportunity to be heard should be provided in order that essentially the litigation process continue in an orderly way, so you don't have situations where there are basically piecemeal appeals and remands, which ends up wasting judicial resources. So, Mr. Taubenfeld, tell us once again what you would have done had you been confronted with Judge Forrest's decision, at least as she was thinking about issuing it. If she had, for example, issued an order to show cause or brought this up at the pretrial conference, we would have asked for . . . That's what you were about to get to, right? I mean, you were about to go have a pretrial conference. You were less . . . you were six days before the trial date. Right. I mean, the decision came down less than 24 hours, I believe, before the pretrial conference. It was definitely the day before. I don't remember the exact time it came down. We would have asked for one of two things, either to allow us to just proceed in our New York labor law claims because we would argue that the court should exercise supplemental jurisdiction, or alternatively, if the We would have asked for permission to allow us to amend our pretrial pleadings to include FOSA claims. Now, it bears repeating . . . Your pretrial order or your proposed order, what you were filing with the court. Right. Right. And the jury instructions and the voir dire and various other documents. It bears repeating that the defendants also submitted . . . we submitted joint documents. The defendants never objected to this and never made a motion to have our claims dismissed for lack of subject matter jurisdiction. This really just came out of the blue, and no one was given any opportunity to be heard. I'll grant you hypothetically that this was a bad decision on her part, but why was it an abuse of discretion? Our view is, based on the Second Circuit precedent, precedent of this court, that the district court should give parties notice and opportunity to be heard before dismissing their claims. Both deeming our FOSA claims waived. It's not clear if they were waived with prejudice, without prejudice, and we believe that implicates Cheeks, Cheeks v. Pancake House. And number two, before having all the facts, the Judge Forrest did not have all the facts to determine whether supplemental jurisdiction should be exercised. She made a number of assumptions, essentially that we had manufactured jurisdiction, which we believe are unwarranted and not even reasonable based on what had happened in the case. The defendants had been very aggressive in this case. Multiple motions had been filed, but the one motion they never filed was a summary judgment motion on the FOSA claims for lack of enterprise coverage. So we believe that, at a minimum, she should have given us an opportunity to explain what we did, and we would then . . . we would see what happens, and it may be a more reasoned decision, and we acknowledge that we may appeal again, but I think we'd be in a worse position if we did that. All right. Thank you very much. You have reserved two minutes for rebuttal, and we'll hear from the other side. Mark Cook. Good morning, judges. My name is Mark Cook. I represent Defendants Exclusive Management Solutions Group, Dmitry Berezovsky and Igor Berz. Plaintiffs on their appeal state that defendants assert without support that plaintiffs implicitly waived or abandoned their FLSA claim by not intending to proceed with them at trial. Mr. Cook, I'm with you there, and let me refer you to a later portion of Judge Forrest's order in which she says, and I'm going to quote it to you, although their motives are not entirely clear, it appears to the court that plaintiffs may have strategically asserted FLSA claims for purposes of manufacturing jurisdiction when they truly intended to litigate only claims under New York law that effectively can and should be resolved in state court. How are we supposed to review that finding? Your Honor, the... On the record in this case, how are we supposed to review that finding? The district court had this case for two years. Plaintiffs came and withdrew their FLSA claims under the abuse of discretion standard. It was not an abuse of discretion under the circumstances of plaintiffs coming and saying... Yes, Judge? You didn't even ask them why did you withdraw or why did you make, why did you say, put differently, plaintiffs have expressly abandoned and waived their claims. When in response, it says, when they responded to a motion in limine, plaintiffs intend to pursue at trial only their New York labor law claims, since New York labor law provides all the relief the FLSA provides. Nothing more is needed. You didn't ask why they did that. They did that because they wanted to just try the New York labor law claims. No. And in Dutton, this court said... Judge Forrest had absolutely no dialogue, at least that I can divine, and if you want to point me to it, I'm happy to look at it, that I can divine about why she was able to go from that to some malevolent motive about manufacturing jurisdiction. And how do we review that as an appellate court? Your Honor, the plaintiffs have not done that. And the issue isn't whether there is an other possible way for the court to have acted. Isn't it an abuse of discretion to reach such a conclusion without so much the courtesy of asking a member of the bar why you did this? Your Honor, by doing this, the plaintiffs deprive the court of subject matter jurisdiction under any federal statute. They said it's just wrong. So it's a discretionary call. And the question, maybe I'll reframe it a little bit. Chowdhury, I was on that panel, was issued after the complaint was filed in this case, but before the pretrial orders were filed, in which, in my view, the plaintiffs abandoned their FLSA claims. And what we have before us is an order that ascribes to the plaintiffs some malevolent, some improper purpose for initially filing and pursuing the FLSA claims. And when in fact, I think with the benefit of hindsight, it appears that Chowdhury was an institution that changed the playing field and changed their calculation about how to proceed at trial. And what happens is that Judge Forrest . . . I'm saying this is either right or wrong, but Judge Forrest appears on, in this case, based on that opinion in order to ascribe an improper purpose when there might have been a proper purpose. And what they're asking for is just a remand and an opportunity to be heard. And she may, as your adversary, Mr. Chobhienfeld, pointed out, she may arrive at the same conclusion and dismiss the New York Laborer Law claims under 1367, but at least it will be an informed choice. That's where we are. Why shouldn't we do that? Your Honor, Judge Forrest said it appears that that's what the plaintiff . . . what was the plaintiff's motive. But it doesn't matter whether that was the plaintiff's motive or not under the law. In Dutton, the Court said . . . But it mattered to her. But under the law, it doesn't matter. All that matters is that . . . That makes the error even more palpable. I respectfully disagree, Your Honor, on behalf of defendants, because under Dutton, the Court reversed the lower court and held that the lower court should have dismissed the state law claims. Of course, even if the federal claims are discovered to be patently meritless only after the trial begins, once that diversity, that discovery is made, the state claims must be dismissed along with the federal ones. Here we have the plaintiffs coming and saying we're not going to . . . we're not pursuing the federal claims. We're not asking for any jury instruction on any federal claims. We're not going to . . . we're not asking for a verdict on any federal claims. What if that had happened on the day of trial? Dismissed. So under Cohill and under the Supreme Court precedent, you're saying that the actual . . . I think what you're arguing, this must be wrong, so I'll preface my view. You're saying that the district court must, forget about discretion, must dismiss the state law claim. I was quoting this Court's opinion. Answer my question. No. Okay, so district courts have got discretion. On the day of trial, they decide, or two days into trial, because of something that happens at the trial, they decide to drop their federal claims. The district court has got discretion and probably should, in my view, proceed with the state law claims. Do you agree with that? Do you agree with that? I agree there's discretion because the rule that we're acting under is the abuse of discretion rule. Here, the court did not violate any statute, did not violate any law, did not transgress any statute. There's a permissible range. In Perez, the one case a plaintiff cited, the court held that a district court has no authority to dismiss the complaint for failure to state a claim upon which relief can be granted without giving the plaintiff an opportunity to be heard. That's not what happened here. What happened here is the plaintiffs pulled the federal claims out. We're not pursuing the federal claims. We're not asking for any relief under the federal claims. We're pursuing only New York labor claims, and that's what was presented to the judge. Under those circumstances, under the abuse of discretion rule, Judge Horace acted well within her discretion to dismiss the claims. As everyone has concedes, she ultimately might make the same decision, but what I think you sense concerns us is that this is an adversary system, and we have two distinguished lawyers on both sides of this case. It seems to me that they courtesy of a question, you know, what's going on here, what are you doing, before a case is tossed. How long has this case been pending? I think about a year and a half. And how many depositions? Eight. And how many motions before the district court that the district court essentially granted in favor of the plaintiffs here? Granted several in favor of defendants. Right, but the district court certainly upheld the state law claims in those various motions, correct? Right, and that's what they're, and that's what, and that's, and the judge said, fine, there's no more under any federal jurisdiction. Go, go pursue your state law claims with the plaintiffs. We can get all the relief you could get, you want on the federal, on the federal claims, and pursue them in state court. How long with this case do you think in your experience, how much trial time required? Three to five days. And so, I don't quite understand why you are happy to have this case turned over to a state court. Three days, it's over. The transaction costs, the fees, the time, the expense, you would incur across the street. I'm, I'm, I'm confused as to why you would not want this case over. Your Honor, defendants are satisfied with the case being dismissed, and not trying the case. But now it's going over to state court, and will you start all over again? Let's see what happens, let's see if they do pursue it in state court. Plaintiffs said they were going to pursue the federal claims, they decided not to. Now, now, now, now they say they're going to pursue the New York state claims, perhaps they won't. The fact is that the judge acted properly, acted within her discretion. Could the, would it have been abuse of discretion for the judge to proceed? No. But it was not an abuse of discretion for the judge to decide as she did. Well, so your adversary, and maybe I'll also ask your colleague, I'm not even going to try to pronounce his name, to answer this as well. But your adversary mentions Perez-Vartiz, and other cases, frankly, where we have counseled against sua sponte dismissals of state law claims without notice. What's your response? Well, Your Honor, under Perez, which I believe I addressed previously, is the court held that there was, the district court has no authority to dismiss under failure to state a claim upon which relief can be granted by giving the plaintiff an opportunity to be heard. That was a complaint, yes. And here, is the plaintiff saying, we're not pursuing our federal claims, only state law claims. In that circumstance, under 28-1367, the court can certainly has the authority to decline, to proceed. That's what the court did, and it was not an abuse of discretion, with all respect. Thank you. Thank you, Judge. We'll hear from Mr. Mistechnikin, Ms. Sessions, I'm sorry. May I please, the court, good morning. My name is Solek Mistechnikin, I represent a police laundromat. I'll be very brief. Despite of the arguments that Mr. Tubman felt I attempted to make, the record is clear. On several occasions, plaintiffs advise the court that they do not intend to proceed on federal claims. In fact, in a footnote in an address to the judge on July 21st, 2017, Mr. Tubman felt specifically stated, plaintiffs intend to pursue at trial only their New York labor law claims, since the New York labor law provides all the relief that FLSA provides. They clearly indicated to the judge- Mr. Mistechnikin, was there a time earlier than that when the plaintiffs, in your view, advised the court that they were only pursuing state law claims, or was it on that date? There was also a position to one of the defendants' motion for summary judgment in December of 2016, when plaintiffs conceded that there are no FLSA claims against one of the defendants, and that would be true for the defendants, Dmitry Berezovsky, because of the successor liability laws. All right, but there were multiple defendants, and they only conceded it as to one. Is that correct? In this instance, that's correct, yes, your honor. Thank you. As Mr. Cook stated, and I would like to reiterate, there were several instances when Mr. Tubman felt advised the court about not pursuing the claims. At no point did Mr. Tubman felt say that we reserve to discuss our reasons with the judge. You don't have to do that. That's not the way the system works. That's not how we proceed. If you're a district court judge and you're going to dismiss a claim, dismiss a party, sanction someone, do something to someone, tradition and respect for the adversary system simply requires letting counsel know what's coming down the line, here's what I'm thinking about, here's what I'm concerned about. I'm about to dismiss this case, but I'll give you the courtesy of hearing you before you do it. That's the way we work. Your honor, I completely understand your point of view, but as an attorney who supplies and provides the court with several advance notices, including pretrial notice. All the more reason that she should have asked, what's going on here? She had advance notice of a problem. If she had advance notice of the problem, why didn't she do her job and ask the parties, what's going on, what do you intend to do? That makes it worse in my opinion. I believe that it would be burdensome for district judge, for us to expect from district judge to second guess every decision that attorney provides. That's nonsense. Your honor, if I submit to the court that I do not proceed the claim, why would court second guess me? I'm not second guessing you, I've done it before I do anything in response to that. Look, I'm about to dismiss this case, what do you have to say? What was the impediment for Judge Forrest to five days before trial, I think it was, to ask at least the plaintiffs, why shouldn't I dismiss these state law, the New York labor law claims that are about to go to trial and give me some response within the next day, within twenty-four hours? Was there an impediment? Other than scheduling constraints, I don't believe so, your honor. So she could have done that. And so the question, and look, this is a reasonable debate and it's well argued, but the question is that why shouldn't, at least in this case under these circumstances, we remand to allow the other side to provide reasons, understanding that with the benefit of those reasons, that is, chowdery as an intervening decision, she may or may not decide to exercise or decline supplemental jurisdiction over the labor law claim. What's wrong with that analysis? I think that district judge tried to balance a public interest in not only defending the rights of the defendants, but also defending the rights of the plaintiffs in order to . . . What's your basis for that? What's the basis in the record for that statement? The basis is that six or seven months before the trial, plaintiffs inequivocally advised the court that there will be no federal claims that tried . . . No, only as to some defendants, you told me. Right, but on July 21st . . . Not as to everybody. But on July 21st, the statement made by the plaintiff pretty much encompassed all the defendants. All right, that's 10 days before, 10, 9, 31, you know, 12 days before trial. What . . . Why . . . Well, I won't even repeat what Judge Parker's been asking you and to some extent what Judge Loy has been asking you. Why didn't she just call people in and say, what's going on? Because I don't believe District Judge had any doubts of the intent by the plaintiffs. Well, how do we figure out . . . Since she says, suggests at least, that it was done in bad faith, my words, not hers, I think. How do we . . . And that seems to be the driver behind her decision. How do we assess that in the context of looking at abuse of discretion? Let's say she's totally wrong in that assumption. Is that an abuse of discretion? I don't believe that was the only ground for the dismissal. No, no, the question is, let's assume that she is totally wrong in that assumption. Is that an abuse of discretion? That's the question that was posed, as I understand it. We don't believe so, no. So, no abuse of discretion, even though the reason for the decision is completely wrong? Think carefully before you answer that question. Your Honor, assuming that she is wrong and that is supported by the record, then yes. All right. But she didn't even create a record to support that decision, did she? Not in her decision, no. Thank you. Thank you. Mr. Taubenfeld, you've reserved two minutes. Your Honor, I just want to clarify one or two things. My adversaries referred multiple times to Dutton, Dutton versus Suffolk County, which is a decision in 1984. Basically, in that case, the federal claims were essentially meritless and had no basis whatsoever. The decision is very clear that there was never any basis for federal jurisdiction in the first place. In this case, there should be no dispute that there was basis for FOSA claims. Let me ask you a question, just to cut to the chase. Let's say that we vacate, remand back to Judge Forrest. You make all the arguments about chattery that you made to us, and she nevertheless declines to exercise supplemental jurisdiction with the benefit of your arguments, because you're asking for notice. Do you have any other argument? We believe that the court should have exercised supplemental jurisdiction. I know that, but do you have any other argument? Or why the court should have exercised it? Yes. Why the court didn't abuse her discretion, or will not have abused her discretion once you have your opportunity to be heard. We believe that dismissing this case six days before trial, after all the work that had been done, as Your Honor has pointed out during questioning of my adversaries, given the motions that have already been decided in our favor and already are now law of the case, we believe that sending this case to state court where it could take years to get a trial, and the defendants may take their time, may take that opportunity to try to re-litigate issues, would be abuse of discretion. With the exception of dismissing a case during trial, it's hard to imagine a situation where it's more warranted. This isn't the case where there are complex issues of the law. Of course, we've never said that. The Supreme Court has never said that. I mean, it's alluded to the early stages of litigation, but there's never been the sort of rule that I think you're asking for here, a bright line rule that says that if you're very close to trial, you can't exercise, the district court can't exercise its discretion to decline supplemental jurisdiction. Just to be clear, Your Honor, we're not arguing that the district court never could. If this is a straightforward case, it took six months to get to trial, and there are complex issues of the law or distinct issues of the law, that would be one thing. These New York labor law claims that we're proceeding with on trial are identical to the FOSA claims that we may end up having to pursue at trial. It's minimum wage and overtime. There are no complex issues. Substantial amount of resources went into this. Judge Forrest herself acknowledges that there's judicial economy in proceeding and exercising jurisdiction over these claims and letting us proceed to trial on them. She just believed that- She recognized all the factors. Do you agree with that? I believe that she recognized that there were factors. And I think she gave very short shrift to them and improperly made assumptions that were not warranted based on the record. Thank you very much. We'll reserve decision.